# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFF OSGOOD, ET. AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1365SNLJ |
| | ) | |
| MIDWEST PARKING SOLUTIONS, | ) | |
| ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' motion for sanctions (#51), filed April 24, 2009. Remaining defendants LPF Enterprises d/b/a An American Place, Melissa Payne[1], Midwest Parking Solutions, and Gregory Bohlmann have all filed responsive pleadings. *See*, #53, filed April 20, 2009; #55, filed May 1, 2009; and #56, filed May 1, 2009, respectively. Plaintiffs have filed reply documents: #58, filed May 5, 2009 and #60, filed July 2, 2009. This matter is now ripe for disposition.

Plaintiffs contend that defendants Midwest Parking Solutions and Gregory Bohlmann have failed to comply with this Court's Order of February 18, 2009 (#47) in which the Court granted the plaintiffs' motion for conditional certification and directed the defendants "to produce to Plaintiffs, on or before April 17, 2009, a list of all potential class members, including their last known mailing address, electronic mailing address, and telephone numbers (if known)." Defendants LPF Enterprises and Ms. Payne respond that they do not possess such information and therefore, cannot comply with the Court's February 18, 2009 Order. Plaintiffs concur and

---

[1]Evidently, Ms. Payne has been incorrectly identified in pleadings as Melissa Bohlmann.

concede that the instant motion for sanctions is not directed to defendants LPF Enterprises and/or Melissa Payne; but is directed only to defendants Midwest Parking Solutions and Gregory Bohlmann. *See*, Document #58. Defendants Midwest Parking Solutions and Gregory Bohlmann respond that the requested information needs to be compiled by their accountant and would tender the subject information on or before May 15, 2009.

Plaintiffs have now informed the Court that the information was tendered recently (hard-copies) but that certain pages of the information is largely unintelligible. *See,* Document #60, Exhibits 1 and 2. Plaintiffs want the unintelligible pages of information (Pages 26-29 of Exhibit 1) produced again, a Microsoft Word or Excel version of the list also be produced, and attorneys' fees and costs in the amount of $1100.50 be awarded to plaintiffs for work expended in connection with the instant motion. Furthermore, plaintiffs now request that the Court direct the defendants to either 1) produce phone numbers and e-mail addresses for each potential class member listed, or 2) produce an affidavit stating that they are not in possession of such information.

The Court has reviewed the pleadings, including the submitted exhibits. The Court fully appreciates the plaintiffs' frustration with the dilatory manner in which defendants Midwest Parking Solutions and Mr. Bohlmann have approached this litigation, especially in connection with their compliance with the Court's February 18, 2009 Order. After careful consideration of this matter, the Court will direct defendants to produce to plaintiffs' counsel legible hard copies of Pages 26-29 of Exhibit 1, to update any missing information regarding telephone numbers and/or e-mail addresses. Defendants shall produce affidavit(s) attesting to any missing information not being in their possession. Finally, the Court will award plaintiffs' their attorneys' fees and costs in the total amount of $1111.50 for work expended in connection with the instant motion. The

Court strongly encourages defendants to fully comply with this Order in a timely fashion or risk the imposition of further sanctions, including the imposition of monetary fines.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for sanctions (#51) be and is **GRANTED** as follows:

1) Defendants Midwest Parking Solutions and/or Gregory Bohlmann shall, on or before July 14, 2009, produce to plaintiffs legible hard-copies of Pages 26-29 as identified in Exhibit 1 to Document #60.

2) Defendants Midwest Parking Solutions and/or Gregory Bohlmann shall, on or before July 14, 2009, produce to plaintiffs any and all telephone numbers and e-mail addresses absent from Exhibit 1 to Document #60.

3) No further extensions of time to comply with Court Order #47 and/or this instant Court Order shall be granted to defendants.

4) Defendants Midwest Parking Solutions and/or Gregory Bohlmann shall, on or before July 14, 2009, tender a signed affidavit(s) attesting that any missing telephone numbers and/or email addresses are not in their possession.

**IT IS FINALLY ORDERED** that attorneys' fees and costs in the total amount of $1111.50 shall be awarded to plaintiffs and against defendants Midwest Parking Solutions and Gregory Bohlmann, jointly and severally, for work expended in connection with the instant motion for sanctions.

Dated this ___7th____ day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE